JUDGMENT: Judgment affirmed
ATTORNEYS:
 OPINION
This is an appeal from a judgment of the Court of Common Pleas of Allen County adjudicating Defendant-Appellant, Franklin D. Conley, a sexual predator and ordering him to comply with the reporting requirements set forth in R.C. 2950.06. For the reasons expressed in the following opinion, we affirm the trial court's judgment.
On August 18, 1986, Appellant was convicted of two counts of rape in violation of R.C. 2907.02(A)(3). He was sentenced to serve concurrent prison terms of ten to twenty-five years on each count. Thereafter, in 1997, the Ohio Department of Rehabilitation and Corrections recommended to the court that Appellant be adjudicated a sexual predator. The trial court conducted a hearing on the matter on March 25, 1999, and found by clear and convincing evidence that Appellant was a sexual predator. Appellant then filed the instant appeal, asserting one assignment of error for our review:
 Ohio Revised Code Chapter 2950 et seq., as applied to Appellant, is unconstitutional in that it violates Defendant's protections of Section 1, Article 1 and Section 16, Article 1 of the Ohio Constitution as described in State v. Williams * * *.
Appellant's entire argument is based upon the reasoning adopted by the Eleventh District Court of Appeals in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In that case, the court analyzed R.C. Chapter 2950 et seq., Ohio's version of Megan's Law, and concluded that although the Supreme Court found in State v. Cook (1998), 83 Ohio St.3d 404, that the law did not violate the Ex Post Facto or Retroactivity clauses, the Cook court did not squarely address its validity under Article I, Sections 1 and 16 of the Ohio Constitution.
In considering R.C. Chapter 2950 pursuant to these constitutional provisions, the Williams court concluded that several sections of the law do offend Article I, Sections 1 and 16 in that they are excessively burdensome exercises of police powers. For example, the court held that the notification and registration sections are violative because "[s]ingling the offender out by name and by address and calling him a `predator' needlessly infringes on the rights of individuals in several important respects" such as causing severe embarassment and essentially precluding an offender from obtaining title to property or meaningful employment. Williams at **6. Thus, in striking down R.C. Chapter 2950, the court reasoned that the collective effect of the various offensive sections "shows that Megan's Law is unduly oppressive upon the individual." Id.
This court, however, has rejected the idea espoused in Williams in the recent opinion of State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported. See, also, State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported; State v. Fisher (Sept. 2, 1999), Allen App. No. 1-99-24, unreported. In that case, we stated that:
 Although only dicta, the Supreme Court in Cook forcefully stated that the registration, address verification, and community notification requirements of R.C. Chapter 2950, are constitutional. In doing so, the court balanced the interests of the public against the well being and reputation of sex offenders. We find the Supreme Court's discussion of the constitutional considerations in Cook to be persuasive that R.C. Chapter 2950 is constitutional in its entirety.
Thus, based upon the foregoing, Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgement affirmed.
BRYANT, P.J., and HADLEY, J., concur.